## STEVENS *v.* VAN NESS.

*(Supreme Court, General Term, Second Department.  July 22, 1892.)*

VENDOR AND VENDEE—BREACH OF CONTRACT TO CONVEY—RECOVERY OF MONEY PAID.
In an action to recover purchase money paid, it appeared that plaintiff purchased a lot from defendant for $600, and paid $575 cash. Defendant refused to execute a conveyance when tendered the balance of the purchase money. The record showed no title in defendant, and that the lot was incumbered by mortgage. Defendant at the trial showed an unrecorded title, and unrecorded satisfaction piece for the mortgage. *Held,* that judgment was properly rendered for plaintiff.

Appeal from circuit court, Richmond county.
Action by James M. Stevens against John K. Van Ness to recover back purchase money paid for a lot bought of defendant. From a judgment for plaintiff, defendant appeals. Affirmed.
Argued before BARNARD, P. J., and DYKMAN, J.
*W. H. Schooley,* for appellant.  *W. J. Powers,* for respondent.

BARNARD, P. J. The plaintiff entered into an agreement with the defendant, whereby the defendant agreed to sell to the plaintiff a piece of land for $600. He paid the defendant $575 thereon, and he avers in this action that he was induced to enter into the agreement by the false statements made by defendant to him that he, the defendant, had a good title to convey, and that the same was free and clear of incumbrance. The proof established the contract, and the payment of the money thereon, and the refusal by the defendant to deliver the deed. The record showed no title in the defendant, and that it was incumbered by mortgage. The defendant refused to show any title in himself when the conveyance was demanded. Upon the trial he did show an unrecorded title and unrecorded satisfaction piece for the mortgage. The case then turned upon the intent with which the defendant made the agreement with the plaintiff and took his money. It was proven that he was asked to fulfill; that he said he had a title, but would not show it. He refused to receive the $25 or to give a deed. He refused to pay the $575 back to plaintiff. The jury have found that the defendant meant to get the plaintiff's money, and give nothing back, and the evidence sustains the verdict. The facts cannot be explained upon the assumption that the defendant had a title, and intended to give it. Judgment affirmed, with costs.